## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| ALL PHASE STEEL WORKS, LLC | : | CASE NO.: 16-50257 (JAM) |
| | : | |
| DEBTOR. | : | |

| | | |
|---|---|---|
| DOCKET NO: X-06-UWY-CV-14-6025894-S | : | SUPERIOR COURT |
| | : | |
| ALL PHASE STEEL WORKS, LLC | : | COMPLEX LITIGATION DOCKET |
| | : | |
| v. | : | AT WATERBURY |
| | : | |
| RAYMOND N. WEINER, ET AL. | : | MAY 2, 2016 |

## NOTICE OF REMOVAL OF CIVIL ACTION TO THE
## UNITED STATES BANKRPUTCY COURT FOR THE
## DISTRICT OF CONNECTICUT BRIDGEPORT DIVISION

The defendants, Raymond N. Wiener; Ray Weiner, LLC d/b/a All Phase Construction; Donald Anderson; Michael Matkovic d/b/a Matkovic Consulting; Professional Consulting, LLC; and, Fab Five Trust (collectively, the "Defendants")  respectfully petition this Court for removal of the above entitled action from the Superior Court of the State of Connecticut Judicial District of Waterbury at Waterbury Complex Litigation Docket to the United States Bankruptcy Court for the District of Connecticut Bridgeport Division pursuant to 28 U.S.C. §1452, 28 U.S.C. §1334 and Fed. R. Bankr. P. 9027(a)(1) and in support represents the following:

1.    The plaintiff, All Phase Steel Works, LLC (the "Plaintiff") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on February 23, 2016.

2.    Pursuant to 28 U.S.C. §1334(b), this Court has jurisdiction to hear claims related to a case under Title 11 of the United States Code.

3.      Pursuant to 28 U.S.C. §1452, a party may remove a state court action related to a bankruptcy matter to this Court.

4.      On or about December 4, 2014, the Plaintiff served on the Defendants an action returnable to Court on December 23, 2014 in the Superior Court of the State of Connecticut Judicial District of Waterbury at Waterbury ("Superior Court Action"). The Plaintiff filed an Amended Complaint on November 12, 2015. A copy of the Amended Complaint in the Superior Court Action is attached hereto and are incorporated herein by reference.

5.      This matter is a non-core proceeding pursuant to 28 U.S.C. §157.

6.      The Defendants submit this Notice of Removal which has been signed pursuant to Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9011.

7.      The Defendants consent to entry of final judgment by the Bankruptcy Court.

Wherefore, the Defendants hereby give notice that this action is removed from the Superior Court of the State of Connecticut Judicial District of Waterbury at Waterbury Complex Litigation Docket to the United States Bankruptcy Court for the District of Connecticut Bridgeport Division.

**RAYMOND N. WIENER; RAY WEINER, LLC d/b/a ALL PHASE CONSTRUCTION; DONALD ANDERSON; MICHAEL MATKOVIC d/b/a MATKOVIC CONSULTING; PROFESSIONAL CONSULTING, LLC; AND, FAB FIVE TRUST**

By:    */s/ Jeffrey Hellman*
       Jeffrey Hellman (ct04102)
       Law Offices of Jeffrey Hellman, LLC
       195 Church Street, 10th Floor
       New Haven, CT 06510
       Tel.: 203-691-8762
       jeff@jeffhellmanlaw.com

B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| All Phase Steel Works, LLC | See attached list of defendants and corresponding attorneys. |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| Goldman, Gruder & Woods, LLC 105 Technology Drive, Trumbull, CT 06611 Phone: 203-880-5333 | Law Offices of Jeffrey Hellman, LLC 195 Church St., 10th Flr., New Haven, CT 06510 Phone: 203-691-8762 |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This action is being brought by the Debtor claiming: Breach of Contract, Breach of Fiduciary Duty, Theft of Trade Secrets, Usurping Corporate Opportunity, Tortious Interference with Business Relationships, Violation of CUTPA, Reverse Piercing, Common Law Fraudulent Conveyance, Fraud and Conspiracy.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief – other |
| | |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| | |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| | |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* |
| **(continued next column)** | ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  750,000.00 |

| Other Relief Sought |
|---|
| |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>All Phase Steel Works, LLC | BANKRUPTCY CASE NO.<br>16-50257 (JAM) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>New Haven | NAME OF JUDGE<br>Julie A. Manning |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>May 2, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey Hellman, Attorney for Defendants: Raymond N. Weiner;<br>Ray Weiner, LLC d/b/a All Phase Construction; Donald Anderson;<br>Michael Matkovic d/b/a Matkovic Consulting; Professional Consulting, LLC<br>and Fab Five Trust | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## List of Defendants and Corresponding Attorneys

**For Defendants:**      Raymond N. Weiner
Ray Weiner, LLC d/b/a All Phase Construction
Donald Anderson
Michael Matkovic d/b/a Matkovic Consulting
Professional Consulting, LLC
Fab Five Trust

Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
jeff@jeffhellmanlaw.com


**For Defendants:**      RWTC Management, LLC
Robert Weiner
RJW 2009 Irrevocable Spendthrift Trust
11 North Main Street, LLC

Lawrence S. Grossman, Esq.
Hurwitz Sagarin Slossberg & Knuff, LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460
LGrossman@hssklaw.com


**For Defendants:**      Gregory R. Weiner
CT Steel, Inc.

Antonino M. Leone, Esq.
Garcia & Milas, PC
44 Trumbull Street
New Haven, CT 06510
203-782-2312
aleone@garciamilas.com

DOCKET NO.: UWY-CV14-6025894-S      :   SUPERIOR COURT

ALL PHASE STEEL WORKS, LLC      :   J.D. OF WATERBURY

v.      :   AT WATERBURY

RAYMOND WEINER, ET AL      :   NOVEMBER 12, 2015

## AMENDED COMPLAINT

### COUNT ONE (Breach of Contract Against RWTC)

#### Statement Of The Parties

1.     At all times relevant hereto, the plaintiff, All Phase Steel Works, LLC, was a Connecticut limited liability company with a principal place of business at 480 Bunnell Street, Bridgeport, Connecticut 06607 ("APSW").

2.     At all times relevant hereto, the principal business of APSW was the fabrication of steel products for commercial and residential projects, including but not limited to fabrication of steel for structural and decorative purposes.

3.     At all times relevant hereto, non-party Paul Pinto was the Manager and majority Member of APSW ("Pinto").

4.     APSW was formed on January 5, 2012 by Pinto.

5.     Since January 5, 2012, APSW has been run as a profitable business under the leadership of Pinto.

6.     At all times relevant hereto, the defendant, Raymond N. Weiner was a resident of the State of Connecticut with an address of 119 Blueberry Lane, Shelton, CT, 06484 ("Ray").

1

7.     At all times relevant hereto, the defendant, Robert Weiner was a resident of the State of Connecticut with an address of 261 Lakemere Drive, Southbury, CT, 06488 ("Robert").

8.     At all times relevant hereto, Bunnell Investments, LLC was a Connecticut limited liability company with a principal place of business at 480 Bunnell Street, Bridgeport, Connecticut 06607 ("Bunnell Investments").

9.     Bunnell Investments is equally owned ostensibly by Pinto and Robert.

10.    The defendant, RWTC Management, LLC is a Connecticut limited liability company with a current principal place of business at 261 Lakemere Drive, Southbury, CT, 06488 ("RWTC").

11.    Upon information and belief, from its inception, Ray was the owner of a membership interest in RWTC. On or about on November 15, 2011, at a time when he was indebted for past due taxes, Ray transferred his entire membership interest in RWTC to Robert for no consideration.

12.    Upon information and belief, Robert is currently the named member of RWTC claiming to own 100% of the membership interest therein.

13.    At all times relevant hereto, the defendant, Ray Weiner, LLC, d/b/a All Phase Construction, was a Connecticut limited liability company with a principal place of business at 119 Blueberry Lane, Shelton, CT, 06484 ("Ray Weiner, LLC").

14.    Upon information and belief, Ray Weiner, LLC is owned by Ray and his wife.

15.    Upon information and belief, Ray Weiner, LLC was not a profitable business under the management of Ray and as a result, had and continues to have very significant

2

outstanding unpaid tax and labor obligations to the State and Federal governments in excess of $550,000 some of which are personal to Ray because he was the responsible person who failed to remit the taxes or to pay the wages.

16.     Upon information and belief, Ray and Ray Weiner, LLC had and continue to have very significant outstanding unpaid debts to trade vendors and bank(s) in excess of $2,750,000.

17.     At all times relevant hereto, Next Generation Construction LLC was a Connecticut limited liability company with a principal place of business at 480 Bunnell Street, Bridgeport, CT ("Next Generation"). Upon information and belief, Ray owned 100% of the membership interest in Next Generation. From January 2012 to February 2014, APSW hired Next Generation Construction LLC as a consultant. It was understood and agreed that Ray would be the person working exclusively as the consultant pursuant to that agreement..

18.     At all times relevant hereto, 218 Bunnell Consulting, LLC, f/k/a 218 Bunnell Street, LLC, was a Connecticut limited liability company with a principal place of business at 119 Blueberry Lane, Shelton, CT, 06484 ("218 Bunnell"). Upon information and belief, Ray owned 100% of the membership interest in 218 Bunnell.

19.     From January 2012 to May 2014, APSW hired 218 Bunnell as a consultant. It was understood and agreed that Ray would be the person working exclusively as the consultant pursuant to that agreement.

20.     Upon information and belief, a creditor of Ray was able to execute upon assets held by him that belonged to 218 Bunnell. As a result, Ray terminated the consulting agreement by and between 218 Bunnell and APSW in May 2014.

3

21.     On or about June 2014, APSW hired RWTC as a consultant. It was understood and agreed that Ray would be the person working exclusively as the consultant pursuant to that agreement.

22.     Robert has never worked at APSW on his own or on behalf of RWTC.

23.     From May 2014 through November 5, 2014, RWTC and its agent Ray were employed by APSW to meet with prospective clients, estimate the cost of the prospective projects and issue bids to prospective clients in order to obtain projects.

24.     At all times relevant hereto, the defendant, Donald Anderson, was a resident of the State of New York with an address of 38 Lincoln Avenue, White Plains, NY 10606 ("Anderson").

25.     In March 11, 2013 APSW hired Anderson as a project manager/estimator. From March 11, 2013 through November 7, 2014, Anderson was employed by APSW to meet with prospective clients, estimate the cost of the prospective projects and issue bids to prospective clients in order to obtain the projects.

26.     In January 2012, APSW hired the Michael Matkovic, d/b/a Matkovic Consulting, as a consultant in marketing and sales ("Matkovic"). It was understood and agreed that Matkovic would be the person working exclusively as the consultant pursuant to that agreement.

27.     At all times relevant hereto, the defendant, Matkovic, was a resident of the State of Connecticut with an address of 15 Woodledge Road, Stamford, CT 06907.

4

## RWTC

28.     RWTC, while ostensibly owned by Robert, is dominated and completely controlled by Ray in both form and substance. Ray directs all activities of RWTC including, but not limited to, the following:

    a.     Revenue generation. Upon information and belief, Ray is the sole person responsible for any revenue generated by RWTC. Ray possesses a rubber stamp that he uses to "endorse" checks received for his activities on behalf of RWTC and causes those checks to be deposited.

    b.     Expense generation and payment. Upon information and belief, Ray is the sole person responsible for any expense generated on behalf of RWTC and is solely responsible for the direction over payment of those expenses.

    c.     Bookkeeping. Upon information and belief, Ray or his agents handle all bookkeeping functions.

    d.     Tax reporting. Upon information and belief, Ray or his agents handle all responsibility for functions required by taxing authorities.

29.     Upon information and belief, Ray uses RWTC in an effort to hide and shield assets from his creditors.

## Bunnell Investments

30.     Bunnell Investments, while 50% ostensibly owned by Robert, is dominated and completely controlled by Ray in both form and substance. Ray directs all activities of Robert in Bunnell Investments including, but not limited to, the following:

5

a.   Contacting legal counsel and attempting to direct the membership and management roles of the members;

b.   Active involvement in the levy upon assets formerly owned by Ray Weiner, LLC on behalf of 480 Bunnell, LLC, an entity wholly owned by Bunnell Investments;

31.   Upon information and belief, Ray uses Robert's interest in Bunnell Investments to hide and shield assets from his creditors.

**Other Ray Entities**

32.   Upon information and belief, Ray formed, or caused to be formed, the following additional defendants:

a.   **Professional Consulting, LLC,** a Connecticut limited liability company with a principal place of business at 119 Blueberry Lane, Shelton, CT, 06484 ("Professional Consulting").

b.   **CT Steel, Inc.,** a Connecticut limited liability company with a principal place of business at 72 Geraldine Circle, Trumbull, CT, 06611 ("CT Steel"). Upon information and belief, for all relevant times herein, the defendant, Gregory R. Weiner ("Greg") owned 100% of the membership interest in CT Steel.

c.   **RJW 2009 Irrevocable Spendthrift Trust Agreement,** a Connecticut trust formed on or about August 26, 2009 by placing into trust certain assets Ray held at that time ("RJW Trust").

6

    d.    **Fab Five Trust,** a Connecticut trust formed on an unknown date by placing into trust certain assets he Ray at that time ("Fab Five Trust").

    e.    **11 North Main Street, LLC,** a Connecticut limited liability company with a principal place of business at 955 Connecticut Ave, Suite 5103, Bridgeport, CT, 06607 ("11 North").

33.    Upon information and belief, Ray dominates any and all activities of such entities although title may be in the name of another.

34.    Upon information and belief, Ray uses these other entities to hide and shield assets from his creditors.

35.    RWTC and its agent Ray resigned from APSW on November 5, 2014.

36.    Anderson resigned from APSW on November 7, 2014.

37.    Matkovic resigned from APSW on November 14, 2014.

38.    Before their resignations, RWTC, Ray, Anderson and Matkovic all worked and were required to devote 100% of their time and effort working in the interests of APSW.

39.    Before their resignations, RWTC, Ray, Anderson and Matkovic were involved with and had met with customers, prepared estimates, shop drawings and cut sheets in preparation to perform work pursuant to contracts with the following:

    a.    Two Roads Brewery concerning a job to be performed at its site in Stratford, Connecticut ("Two Roads Job");

    b.    CJS Builders concerning a job to be performed in New York City known as the "SFX 15th Floor" job ("CJS Job");

7

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT  06611 • (203) 880-5333 •
JURIS NO. 035172

c.   Kajima Building & Design Group, Inc. concerning a job to be performed in New York City known as the "527 Madison Avenue Roof Replacement Job #14731" job ("KBD Job");

d.   Petretti & Associates concerning a job to be performed in New York City known as the "437 Madison Avenue" job ("Petretti Job")

e.   J. A. Jennings, Inc. concerning a job to be performed in Larchmont, New York ("Jennings Job");

f.   Hailey Development Group LLC concerning a job to be performed in New York City known as the "737 Park Avenue" ("Hailey Job")

g.   Duce Construction Corporation concerning a job to be performed in New York City ("Duce Job");

h.   Robert Boynton concerning a sea wall and subdivision job to be performed in Milford, CT ("Boynton Job").

40.   Before resignation and since, Ray, Anderson and Matkovic have engaged in significant effort to cause the Two Roads job to be diverted for their own use through RWTC.

41.   Upon information and belief, the Two Roads Job was completed by and benefitted only Ray, Anderson and Matkovic despite the fact that all of the work performed in estimating, pricing and plan review was performed by and in conjunction with APSW and its employees.

42.   Before resignation and since, Ray, Anderson and Matkovic have engaged in significant effort to cause the CJS Job to be diverted for their own use through RWTC, Professional Consulting and/or CT Steel.

8

43.     Despite such efforts, CJS, while initially deciding to terminate its agreement with APSW, later decided to honor its contractual commitment to APSW.

44.     Before resignation and since, Ray, Anderson and Matkovic have engaged in significant effort to cause the KBD Job, Petretti Job, Jennings Job, Hailey Job ,Duce Job and Boynton Job to be diverted for their own use through RWTC, Professional Consulting and/or CT Steel.

45.     KDB has notified APSW that it decided to terminate its agreement with APSW.

46.     Petretti, Jennings, Hailey and Duce informed APSW that they have recently "made other arrangements" for the work to be performed.

47.     Upon information and belief, Ray, Anderson and Matkovic, through RWTC, Professional Consulting and/or CT Steel, intend to complete the KDB Job, Petretti Job, Jennings Job, Hailey Job, Duce Job and Boynton Job despite the existence of a contract or contractual expectancy with APSW and the use of APSW's employees and property to estimate, price and review plans to perform the work.

**Data Deletion**

48.     Before their resignation, Ray, Anderson and Matkovic caused data to be deleted from their office computers including, but not limited to, email sent to or received while in the employ of APSW.

49.     Such data deletion was done in an effort to cover up their misdeeds in performing work for themselves rather than APSW while under its employ and to take for themselves the confidential, sensitive and valuable information concerning customer lists, estimating, plans and contacts.

9

50.     APSW was able to recover some data deleted through backups maintained demonstrating the extent and breadth of the scheme employed by the defendants.

### Contact With Past And Existing Customers

51.     From and after their departure from APSW, Ray, Anderson and Matkovic have made contact with many past and existing customers of APSW claiming that they were "partners" in APSW.

52.     Such claims were and remain false as they were former consultants or employees only having no ownership or management responsibility. As such, they intended to mislead third parties that APSW was run by them.

53.     Such claims harm the reputation of APSW since they are false and Ray's reputation in the industry is notably poor, particularly given his dire financial condition.

54.     From and after their departure from APSW, Ray, Anderson and Matkovic have claimed to many past and existing customers of APSW that they are now partners in a company capable and ready to continue the work previously done by APSW.

55.     Such claims are false and intended to mislead the customer into believing that they are the successors to the business of APSW when in fact they are simply former consultants or employees who have terminated their relationship with APSW.

56.     While in the employ of APSW, RWTC, breached its consulting agreement with APSW in one or more of the following ways:

     a.     With use of the equipment and supplies of APSW, RWTC developed and created a series of separate entities to engage in the same business as, and in direct competition with, APSW (the "New Entities").

10

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT 06611 • (203) 880-5333 •
JURIS NO. 035172

    b.     With use of the equipment and supplies of APSW, RWTC estimated, bid and assumed jobs in its position with APSW and, thereafter, stole the winning jobs for the New Entites.

    c.     With use of the equipment and supplies of APSW, RWTC offered other employees of APSW, including Anderson and Matkovic, positions with the New Entities.

57.     APSW is being caused irreparable harm for which there is no adequate remedy at law.

58.     RWTC, repeatedly and intentionally acted in direct contravention to its consulting agreement with APSW.

59.     As a result of these breaches of his employment contract, RWTC has caused APSW to suffer damages, which it seeks redress for herein.

## COUNT TWO (Breach of Contract Against Anderson)

1-57.  Paragraphs 1-57 of Count One are hereby incorporated as counts 1-57 of this count as if recited in full herein.

58.     While in the employ of APSW, with use of the equipment and supplies of APSW, Anderson estimated, bid and assumed jobs in his position with APSW and, thereafter, stole the winning jobs for the New Entities.

59.     In so doing, Anderson repeatedly and intentionally acted in direct contravention to his employment contract with APSW.

60.     As a result of these breaches of his employment contract, Anderson has caused APSW to suffer damages, which it seeks redress for herein.

11

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT 06611 • (203) 880-5333 •
JURIS NO. 035172

## COUNT THREE (Breach of Contract Against Matkovic)

1-57. Paragraphs 1-57 of Count One are hereby incorporated as counts 1-57 of this count as if recited in full herein.

58.     While in the employ of APSW, with use of the equipment and supplies of APSW, Matkovic estimated, bid and assumed jobs in his position with APSW and, thereafter, stole the winning jobs for the New Entities.

59.     In so doing, Matkovic repeatedly and intentionally acted in direct contravention to his employment contract with APSW.

60.     As a result of these breaches of his employment contract, Matkovic has caused APSW to suffer damages, which it seeks redress for herein.

## COUNT FOUR (Breach of Fiduciary Duty Against RWTC)

1-58. Paragraphs 1-58 of Count One are hereby incorporated as counts 1-58 of this count as if recited in full herein.

59.     RWTC's actions, as set forth above, constitute breaches of the fiduciary duty, good faith and loyalty every employee owes to its employer.

60.     APSW has been damaged by these breaches and seeks redress for same herein.

## COUNT FIVE (Breach of Fiduciary Duty Against Anderson)

1-59. Paragraphs 1-59 of Count Two are hereby incorporated as counts 1-59 of this count as if recited in full herein.

60.     Anderson's actions, as set forth above, constitute breaches of the fiduciary duty, good faith and loyalty every employee owes to its employer.

61.     APSW has been damaged by these breaches and seeks redress for same herein.

12

## COUNT SIX (Breach of Fiduciary Duty Against Matkovic)

1-59. Paragraphs 1-59 of Count Three are hereby incorporated as counts 1-59 of this count as if recited in full herein.

60.   Matkovic's actions, as set forth above, constitute breaches of the fiduciary duty, good faith and loyalty every employee owes to its employer.

61.   APSW has been damaged by these breaches and seeks redress for same herein. **COUNT SEVEN (Theft of Trade Secrets Against RWTC)**

1-57. Paragraphs 1-57 of Count One are hereby incorporated as counts 1-57 of this count as if recited in full herein.

58.   While in the employ of APSW, with use of the equipment and supplies of APSW, RWTC used APSW's existing and growing customer list in order to estimate, bid and assume jobs in its position with APSW with the intent to steal the customer base for the New Entities.

59.   After RWTC terminated its consulting agreement with APSW, RWTC used APSW's customer list, and its relationship with the customers thereon, to steal jobs for itself and the New Entities.

60.   RWTC's theft and use of APSW's customer list constitutes theft of APSW's trade secrets.

61.   APSW has been damaged by this theft and seeks redress for same herein. **COUNT EIGHT (Theft of Trade Secrets Against Anderson)**

1-57. Paragraphs 1-57 of Count One are hereby incorporated as counts 1-57 of this count as if recited in full herein.

13

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT  06611 • (203) 880-5333 •
JURIS NO. 035172

58.    While in the employ of APSW, with use of the equipment and supplies of APSW, Anderson used APSW's existing and growing customer list in order to estimate, bid and assume jobs in his position with APSW with the intent to steal the customer base for the New Entity.

59.    After leaving the employ of APSW, Anderson became employed by the New Entity and, thereafter, used APSW's customer list, and his relationship with the customers thereon, to steal jobs for the New Entity.

60.    Anderson's theft and use of APSW's customer list constitutes left of APSW's trade secrets.

61.    APSW has been damaged by this theft and seeks redress for same herein. **COUNT NINE (Theft of Trade Secrets Against Matkovic)**

1-57. Paragraphs 1-57 of Count One are hereby incorporated as counts 1-57 of this count as if recited in full herein.

58.    While in the employ of APSW, with use of the equipment and supplies of APSW, Matkovic used APSW's existing and growing customer list in order to estimate, bid and assume jobs in his position with APSW with the intent to steal the customer base for the New Entity.

59.    After leaving the employ of APSW, Matkovic became employed by the New Entity and, thereafter, used APSW's customer list, and his relationship with the customers thereon, to steal jobs for the New Entity. Matkovic refers to himself as a partner of Ray's.

60.    Matkovic's theft and use of APSW's customer list constitutes left of APSW's trade secrets.

61.    APSW has been damaged by this theft and seeks redress for same herein.

14

## COUNT TEN (Usurping Corporate Opportunity Against RWTC)

1-57. Paragraphs 1-57 of Count One are hereby incorporated as counts 1-57 of this count as if recited in full herein.

58.     While in the employ of APSW, with use of the equipment and supplies of APSW, RWTC estimated jobs and issued bids to APSW's customers as an employee of APSW.

59.     While in the employ of APSW, some of the jobs had been estimated and bid on, and upon the award of same to APSW by its customers, RWTC would assume jobs on behalf of APSW.

60.     While in the employ of APSW, some of the jobs had been estimated and bid on, and upon the award of same, RWTC diverted them to itself.

61.     After RWTC terminated its consulting agreement with APSW, RWTC stole the jobs it had assumed on behalf of APSW.

62.     In so doing, RWTC stole the corporate opportunities of APSW, which opportunities had already been estimated, bid on, awarded to and accepted by APSW.

63.     APSW has been damaged by these usurpations of corporate opportunity and seeks redress for same herein.

## COUNT ELEVEN (Usurping Corporate Opportunity Against Anderson)

1-57. Paragraphs 1-57 of Count One are hereby incorporated as counts 1-57 of this count as if recited in full herein.

58.     While in the employ of APSW, with use of the equipment and supplies of APSW, Anderson estimated jobs and issued bids to APSW's customers as an employee of APSW.

15

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT  06611 • (203) 880-5333 •
JURIS NO. 035172

59.    While in the employ of APSW, once the jobs had been estimated and bid on, and upon the award of same to APSW by its customers, Anderson would assume jobs on behalf of APSW.

60.    After leaving the employ of APSW, Anderson became employed by the New Entity and, thereafter, stole the jobs he assumed on behalf of APSW for the New Entity.

61.    In so doing, Anderson stole the corporate opportunities of APSW, which opportunities had already been estimated, bid on, awarded to and accepted by APSW.

62.    APSW has been damaged by these usurpations of corporate opportunity and seeks redress for same herein.

## COUNT TWELVE (Usurping Corporate Opportunity Against Matkovic)

1-57. Paragraphs 1-57 of Count One are hereby incorporated as counts 1-57 of this count as if recited in full herein.

58.    While in the employ of APSW, with use of the equipment and supplies of APSW, Matkovic estimated jobs and issued bids to APSW's customers as an employee of APSW.

59.    While in the employ of APSW, once the jobs had been estimated and bid on, and upon the award of same to APSW by its customers, Matkovic would assume jobs on behalf of APSW.

60.    After leaving the employ of APSW, Matkovic became employed by the New Entity and, thereafter, stole the jobs he assumed on behalf of APSW for the New Entity.

61.    In so doing, Matkovic stole the corporate opportunities of APSW, which opportunities had already been estimated, bid on, awarded to and accepted by APSW.

16

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT 06611 • (203) 880-5333 •
JURIS NO. 035172

62.     APSW has been damaged by these usurpations of corporate opportunity and seeks

redress for same herein.

## COUNT THIRTEEN (Usurping Corporate Opportunity Against CT Steel)

1-63. Paragraphs 1-63 of Count Ten are hereby incorporated as counts 1-63 of this

count as if recited in full herein.

64.     While in the employ of APSW, with use of the equipment and supplies of

APSW,

Ray estimated jobs and issued bids to APSW's customers as an employee of APSW.

65.     While in the employ of APSW, some of the jobs had been estimated and bid on,

and upon the award of same to APSW by its customers, Ray would assume jobs on behalf of CT

Steel.

66.     While in the employ of APSW, some of the jobs had been estimated and bid on,

and, upon the award of same, Ray, on behalf of CT Steel, diverted them thereto.

67.     After Ray left the employ of APSW, Ray, on behalf of CT Steel, stole the jobs it

had assumed on behalf of APSW.

68.     In so doing, CT Steel stole the corporate opportunities of APSW, which

opportunities had already been estimated, bid on, awarded to and accepted by APSW.

APSW has been damaged by these usurpations of corporate opportunity and seeks redress for

same herein.

## COUNT FOURTEEN (Usurping Corporate Opportunity Against Professional Consulting)

1-62. Paragraphs 1-62 of Count Eleven are hereby incorporated as counts 1-62 of this

count as if recited in full herein.

17

63.    While in the employ of APSW, with use of the equipment and supplies of APSW, Ray estimated jobs and issued bids to APSW's customers as an employee of APSW.

64.    While in the employ of APSW, some of the jobs had been estimated and bid on, and upon the award of same to APSW by its customers, Ray would assume jobs on behalf of Professional Consulting.

65.    While in the employ of APSW, some of the jobs had been estimated and bid on, and, upon the award of same, Ray, on behalf of Professional Consulting, diverted them thereto.

66.    After Ray left the employ of APSW, Ray, on behalf of Professional Consulting, stole the jobs it had assumed on behalf of APSW.

67.    In so doing, Professional Consulting stole the corporate opportunities of APSW, which opportunities had already been estimated, bid on, awarded to and accepted by APSW. APSW has been damaged by these usurpations of corporate opportunity and seeks redress for same herein.

## COUNT FIFTEEN (Tortious Interference with Business Relationships Against RWTC)

1-63. Paragraphs 1-63 of Count Ten are hereby incorporated as counts 1-63 of this count as if recited in full herein.

64.    RWTC's actions, as set forth above, were done knowingly and intentionally in order to build a customer and business base at APSW's expense for the sole and exclusive benefit of itself.

65.    APSW has been damaged by this tortious interference with its business relationships and seeks redress for same herein.

18

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT  06611 • (203) 880-5333 •
JURIS NO. 035172

## COUNT SIXTEEN (Tortious Interference with Business Relationships Against Anderson)

1-62. Paragraphs 1-62 of Count Eleven are hereby incorporated as counts 1-62 of this count as if recited in full herein.

63.      Anderson's actions, as set forth above, were done knowingly and intentionally in order to build a customer and business base at APSW's expense for the sole and exclusive benefit of the New Entity.

64.      APSW has been damaged by this tortious interference with its business relationships and seeks redress for same herein.

## COUNT SEVENTEEN (Tortious Interference with Business Relationships Against Matkovic)

1-62. Paragraphs 1-62 of Count Twelve are hereby incorporated as counts 1-62 of this count as if recited in full herein.

63.      Matkovic's actions, as set forth above, were done knowingly and intentionally in order to build a customer and business base at APSW's expense for the sole and exclusive benefit of the New Entity.

64.      APSW has been damaged by this tortious interference with its business relationships and seeks redress for same herein.

## COUNT EIGHTEEN (Tortious Interference with Business Relationships Against CT Steel)

1-68. Paragraphs 1-68 of Count Thirteen are hereby incorporated as counts 1-68 of this count as if recited in full herein.

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT  06611 • (203) 880-5333 •
JURIS NO. 035172

69.    CT Steel's actions, as set forth above, were done knowingly and intentionally in order to build a customer and business base at APSW's expense for the sole and exclusive benefit of itself.

70.    APSW has been damaged by this tortious interference with its business relationships and seeks redress for same herein.

## COUNT NINETEEN (Tortious Interference with Business Relationships Against Professional Consulting)

1-67. Paragraphs 1-67 of Count Fourteen are hereby incorporated as counts 1-67 of this count as if recited in full herein.

68.    Professional Consulting's actions, as set forth above, were done knowingly and intentionally in order to build a customer and business base at APSW's expense for the sole and exclusive benefit of itself.

69.    APSW has been damaged by this tortious interference with its business relationships and seeks redress for same herein.

## COUNT TWENTY (Violation of CUTPA against RWTC)

1-61. Paragraphs 1-61 of Count Seven are hereby incorporated as counts 1-61 of this count as if recited in full herein.

62-68. Paragraphs 58-63 of Count Ten are hereby incorporated as counts 62-68 of this count as if recited in full herein.

69-73. Paragraphs 64-68 of Count Thirteen is hereby incorporated as paragraphs 69-73 of this count as if recited in full herein.

20

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT  06611 • (203) 880-5333 •
JURIS NO. 035172

74.    All of the aforesaid actions and acts constitute an unfair and/or deceptive trade act or practice which amounts to an offense against and/or violation of public policy as set forth in Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA").

75.    The acts as alleged were immoral, unethical and illegal.

76.    RWTC's acts have caused substantial monetary injury and ascertainable loss to APSW.

## COUNT TWENTY-ONE (Violation of CUTPA against Anderson)

1-61. Paragraphs 1-61 of Count Eight are hereby incorporated as counts 1-61 of this count as if recited in full herein.

62-67. Paragraphs 58-62 of Count Eleven are hereby incorporated as counts 62-67 of this count as if recited in full herein.

68-69. Paragraphs 63-64 of Count Sixteen is hereby incorporated as paragraphs 68-69 of this count if recited in full herein.

70.    All of the aforesaid actions and acts constitute an unfair and/or deceptive trade act or practice which amounts to an offense against and/or violation of public policy as set forth in Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA").

71.    The acts as alleged were immoral, unethical and illegal.

72.    Anderson's acts have caused substantial monetary injury and ascertainable loss to APSW.

## COUNT TWENTY-TWO (Violation of CUTPA against Matkovic)

1-61. Paragraphs 1-61 of Count Nine are hereby incorporated as counts 1-61 of this count as if recited in full herein.

21

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT 06611 • (203) 880-5333 •
JURIS NO. 035172

62-67. Paragraphs 58-62 of Count Twelve are hereby incorporated as paragraphs 62-67 of this count as if recited in full herein.

68-69. Paragraphs 63-64 of Count Seventeen is hereby incorporated as paragraphs 68-69 of this count as if recited in full herein.

70.     All of the aforesaid actions and acts constitute an unfair and/or deceptive trade act or practice which amounts to an offense against and/or violation of public policy as set forth in Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA").

71.     The acts as alleged were immoral, unethical and illegal.

72.     Matkovic's acts have caused substantial monetary injury and ascertainable loss to APSW.

## COUNT TWENTY-THREE (Violation of CUTPA against CT Steel)

1-68. Paragraphs 1-68 of Count Thirteen are hereby incorporated as paragraphs 1-68 of this count as if recited in full herein.

69-70. Paragraphs 69-70 of Count Eighteen are hereby incorporated as paragraphs 69-70 of this Count Eighteen, as if recited in full herein.

71.     All of the aforesaid actions and acts constitute an unfair and/or deceptive trade act or practice which amounts to an offense against and/or violation of public policy as set forth in Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA").

72.     The acts as alleged were immoral, unethical and illegal.

73.     CT Steel's acts have caused substantial monetary injury and ascertainable loss to APSW.

22

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT 06611 • (203) 880-5333 •
JURIS NO. 035172

## COUNT TWENTY-FOUR (Violation of CUTPA against Professional Consulting)

1-62. Paragraphs 1-62 of Count Fourteen are hereby incorporated as paragraphs 1-62 of this count as if recited in full herein.

63-64. Paragraphs 68-69 of Count Nineteen are hereby incorporated as paragraphs 63-64 of this count as if recited in full herein.

65.    All of the aforesaid actions and acts constitute an unfair and/or deceptive trade act or practice which amounts to an offense against and/or violation of public policy as set forth in Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA").

66.    The acts as alleged were immoral, unethical and illegal.

67.    Professional Consulting's acts have caused substantial monetary injury and ascertainable loss to APSW.

## COUNT TWENTY-FIVE (Reverse Piercing against RWTC)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.    Ray's domination and control of RWTC included, to the exclusion of all others, full and final determination of all finance, policy and business decisions for RWTC.

61.    Ray used this domination and control of RWTC to steal trade secrets from APSW, to usurp corporate opportunities of APSW and to interfere with the ongoing and future business of APSW.

62.    All of the aforesaid control, frauds, wrongs and breaches of duty have caused substantial injury and ascertainable loss to APSW.

23

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT  06611 • (203) 880-5333 •
JURIS NO. 035172

## COUNT TWENTY-SIX (Reverse Piercing against CT Steel)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.     Ray's domination and control of CT Steel included, to the exclusion of all others, full and final determination of all finance, policy and business decisions of CT Steel.

61.     Ray used this domination and control of CT Steel to steal trade secrets from APSW, to usurp corporate opportunities of APSW and to interfere with the ongoing and future business of APSW.

62.     All of the aforesaid control, frauds, wrongs and breaches of duty have caused substantial injury and ascertainable loss to APSW.

## COUNT TWENTY-SEVEN (Reverse Piercing against 11 North)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.     Ray's domination and control of RWTC's interest in 11 North included, to the exclusion of all others, full and final determination of all finance, policy and business decisions of 11 North.

61.     Ray used this domination and control of RWTC's interest in 11 North to steal trade secrets from APSW, to usurp corporate opportunities of APSW and to interfere with the ongoing and future business of APSW.

62.     All of the aforesaid control, frauds, wrongs and breaches of duty have caused substantial injury and ascertainable loss to APSW.

24

## COUNT TWENTY-EIGHT (Reverse Piercing against Professional Consulting)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.    Ray's domination and control of Professional Consulting included, to the exclusion of all others, full and final determination of all finance, policy and business decisions of Professional Consulting.

61.    Ray used this domination and control of Professional Consulting to steal trade secrets from APSW, to usurp corporate opportunities of APSW and to interfere with the ongoing and future business of APSW.

62.    All of the aforesaid control, frauds, wrongs and breaches of duty have caused substantial injury and ascertainable loss to APSW.

## COUNT TWENTY- NINE (Common Law Fraudulent Conveyance against Ray)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.    By transferring his interest in RWTC to Robert for no consideration and with the intent to hide his assets to the detriment of APSW and other creditors, Ray has caused substantial injury and ascertainable loss to APSW.

## COUNT THIRTY (Common Law Fraudulent Conveyance against Robert)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.    By receipt of Ray's interest in RWTC, from Ray, without paying any

25

consideration, and with the knowledge that Ray was doing it to hide his assets to the detriment of

APSW and other creditors, Robert has caused substantial injury and ascertainable loss to

APSW. **COUNT THIRTY-ONE (Common Law Fraudulent Conveyance against Ray)**

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this

count as if recited in full herein.

60.     By knowingly diverting and transferring funds to the New Entities, as set forth

above, with the specific intent to avoid and defraud his creditors, Ray has caused substantial

injury and ascertainable loss to APSW.

**COUNT THIRTY-TWO (Common Law Fraudulent Conveyance against RWTC)**

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this

count as if recited in full herein.

60.     By receipt and retention of the diverted and transferred funds from Ray, as set

forth above, RWTC has caused substantial injury and ascertainable loss to APSW.

**COUNT THIRTY-THREE (Fraudulent Conveyance against Bunnell Investments)**

**[Count Thirty-Three Withdrawn, March 2, 2015]**

**COUNT THIRTY-FOUR (Common Law Fraudulent Conveyance against CT Steel)**

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this

count as if recited in full herein.

60.     By receipt and retention of the diverted and transferred funds from Ray, as set

forth above, CT Steel has caused substantial injury and ascertainable loss to APSW.

26

## COUNT THIRTY-FIVE (Common Law Fraudulent Conveyance against 11 North)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.     By receipt and retention of the diverted and transferred funds from Ray, as set forth above, RWTC as a member of 11 North has caused substantial injury and ascertainable loss to APSW.

## COUNT THIRTY-SIX (Common Law Fraudulent Conveyance against Professional Consulting)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.     By receipt and retention of the diverted and transferred funds from Ray, as set forth above, Professional Consulting has caused substantial injury and ascertainable loss to APSW.

## COUNT THIRTY-SEVEN (Common Law Fraudulent Conveyance against RJW Trust)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.     By receipt and retention of the diverted and transferred funds from Ray, as set forth above, RJW Trust has caused substantial injury and ascertainable loss to APSW.

## COUNT THIRTY-EIGHT (Common Law Fraudulent Conveyance against Fab Five Trust)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.     By receipt and retention of the diverted and transferred funds from Ray, as set forth above, Fab Five Trust has caused substantial injury and ascertainable loss to APSW.

27

## COUNT THIRTY-NINE (Fraud against Ray)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.     In participating as set forth above, Ray knowingly and actively engaged in conduct that was intended to harm and defraud APSW.

61.     This fraud by Ray has caused substantial injury and ascertainable loss to APSW. **COUNT FORTY (Fraud against Robert)**

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.     In participating as set forth above, Robert knowingly and actively engaged in conduct that was intended to harm and defraud APSW.

61.     This fraud by Robert has caused substantial injury and ascertainable loss to APSW.

## COUNT FORTY-ONE (Fraud against Greg)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

60.     In participating as set forth above, Greg knowingly and actively engaged in conduct that was intended to harm and defraud APSW.

61.     This fraud by Greg has caused substantial injury and ascertainable loss to APSW.

## COUNT FORTY-TWO (Conspiracy against RWTC, Ray, Robert, Greg, Anderson and Matkovic)

1-59. Paragraphs 1-59 of Count One are hereby incorporated as paragraphs 1-59 of this count as if recited in full herein.

28

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT  06611 • (203) 880-5333 •
JURIS NO. 035172

60.     While RWTC, Ray, Anderson and Matkovic were in the employ of APSW, and
with use of the equipment and supplies of APSW, RWTC, through its agent Ray, developed and
created the New Entities.

61.     While RWTC, Ray, Anderson and Matkovic were in the employ of APSW, and
with use of the equipment and supplies of APSW, Ray offered Anderson, Matkovic, Robert and
Greg positions with the New Entities.

62.     While RWTC, Ray, Anderson and Matkovic were in the employ of APSW,
Anderson, Matkovic, Robert and Greg accepted positions with the New Entities.

63.     While RWTC, Ray, Anderson and Matkovic were in the employ of APSW, and
with the intent to steal the customer base and business opportunities of APSW, RWTC, Ray,
Anderson, Matkovic, Robert and Greg used APSW's existing and growing customer list in order
to estimate, bid and assume jobs they would later solicit and steal for the New Entities.

64.     While RWTC, Ray, Anderson and Matkovic were in the employ of APSW, and
with the intent to steal the customer base and business opportunities of APSW, RWTC, Ray,
Anderson and Matkovic used the equipment and supplies of APSW to estimate jobs, issue bids
and accept the award of bids from APSW's customers that they would later solicit and steal for
the New Entities.

65.     This agreement to steal APSW's customer list and usurp its business opportunities,
by and between RWTC, Ray, Anderson, Matkovic, Robert and Greg has caused substantial
monetary injury and ascertainable loss to APSW.

29

WHEREFORE, the plaintiff prays for:

1.    Money damages;

2.    Pre and post judgment interest;

3.    Attorneys' fees;

4.    Punitive damages;

5.    Costs;

6.    Injunctive relief preventing:

      a.  Further theft and usurpation;

      b.  Disseminating or making claims that are false and untrue;

7.    That it be ordered, adjudged, and decreed that the transfers from Ray Weiner be
      and hereby is set aside and nullified as being made with the intent to hinder, delay,
      and defraud;

8.    Attorneys' fees pursuant to Conn. Gen. Stat. § 42-110g;

9.    Punitive damages pursuant to Conn. Gen. Stat. § 42-110g; and

10.   Such other and further relief as the Court deems just and proper.

**THE PLAINTIFF,**
**ALL PHASE STEEL WORKS, LLC**

By: _____/s/ 305547_____
    Bruce L. Elstein, Esq.
    GOLDMAN, GRUDER & WOODS, LLC
    105 Technology Drive
    Trumbull, CT 06611
    Tel: 203-880-5333
    Fax: 203-880-5332
    belstein@goldgru.com

30

## CERTIFICATE OF SERVICE

This is to certify that, on even date herewith, a copy of the foregoing has been sent via first

class, United States mail, postage prepaid and/or electronic mail, to the following:

Law Offices of Jeffrey Hellman LLC
195 Church Street, 10th Floor
New Haven, CT 06510
jeff@jeffhellmanlaw.com

Hurwitz Sagarin Slossberg & Knuff LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460
lgrossman@hssklaw.com

Garcia & Milas PC
44 Trumbull Street
New Haven, CT 06510
aleone@garciamilas.com

       /s/ 305547
Bruce L. Elstein, Esq.

31

GOLDMAN, GRUDER & WOODS, LLC • ATTORNEYS AT LAW
105 TECHNOLOGY DRIVE • TRUMBULL, CONNECTICUT  06611 • (203) 880-5333 •
JURIS NO. 035172

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| ALL PHASE STEEL WORKS, LLC | : | CASE NO.: 16-50257 (JAM) |
| | : | |
| DEBTOR. | : | |

| | | |
|---|---|---|
| DOCKET NO: X-06-UWY-CV-14-6025894-S | : | SUPERIOR COURT |
| | : | |
| ALL PHASE STEEL WORKS, LLC | : | COMPLEX LITIGATION |
| | : | DOCKET |
| | : | |
| v. | : | AT WATERBURY |
| | : | |
| RAYMOND N. WEINER, ET AL. | : | MAY 2, 2016 |

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the Notice of Removal of Civil Action to the United States

Bankruptcy Court for the District of Connecticut Bridgeport Division was sent on May 2, 2016

by the Court's CM/ECF electronic system to the following:

- Wanda Borges:  ecfcases@borgeslawllc.com
- Barry S. Feigenbaum:  bfeigenbaum@roginlaw.com
- Eric M. Grant:  egrant@yamingrant.com
- Lawrence S. Grossman:  LGrossman@hssklaw.com; cedelmann@hssklaw.com
  tmontalto@hssklaw.com
- Matthew M. Horowitzz:  mhorowitz@wolfhorowitz.com; mperez@wolfhorowitz.com
- Jaclyn Lee Koachman:  jkoachman@yamingrant.com
- Jane I. Milas:  jmilas@garciamilas.com
- Lauren M. Nash:  lauren.nash@usdoj.gov
- James M. Nugent:  jmn@quidproquo.com; talba@harlowadamsfriedman.com
- Jaime Paoletti:  jpaoletti@garciamilas.com
- Maria A. Santos:  maria.santos@ct.gov

- U. S. Trustee: <u>USTPRegion02.NH.ECF@USDOJ.GOV</u>

and pursuant to Fed. R. Bankr. P. 9027(b) notice is given by electronic mail to the following:

Bruce L. Elstein, Esq.
Nicole Barber, Esq.
Goldman, Gruder & Woods, LLC
105 Technology Drive
Trumbull, CT  06611
<u>belstein@goldmangruderwoods.com</u>
<u>nbarber@goldmangruderwoods.com</u>

Justin Garcia, Esq.
Antonio M. Leone, Esq.
Garcia & Milas P.C.
44 Trumbull Street
New Haven, CT  06510
<u>jgarcia@garciamilas.com</u>
<u>aleone@garciamilas.com</u>

and by U.S., postage prepaid, mail to the following:

All Phase Steel Works, LLC
Attn: President/Managing Member
480 Bunnell Street
Bridgeport, CT 06607

Holley L. Claiborn
Office of The United States Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
holley.l.claiborn@usdoj.gov

Lawrence G. Rosenthal
Rogin, Nassau, Caplan, Lassman, *et al.*
185 Asylum Street
City Place I - 22nd Floor
Hartford, CT 06103

By:    /s/ *Jeffrey Hellman*
       Jeffrey Hellman